IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON GROOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-23-0026-HE |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Aaron Groover filed this case seeking judicial review of the final determination of the Commissioner of Social Security that he was not disabled under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. After the parties fully briefed the issues raised, Judge Mitchell issued a Report and Recommendation recommending that the Commissioner's final decision be affirmed. Plaintiff has objected to the Report triggering *de novo* review to matters to which objection has been raised.

Plaintiff contends that the administrative law judge ("ALJ") committed a fatal error in step five of his analysis by failing to properly analyze the medical opinions and medical evidence in the record. In step five, after considering the vocational expert's testimony, the ALJ held that "the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate." Doc. #5-2, pp. 28-29. The Report recommends that substantial evidence supports the ALJ's decisions, that he followed the correct legal

standards in assessing plaintiff's subjective complaints, and that substantial evidence supports his evaluation of plaintiff's mental limitations.

Plaintiff's objection reasserts much of the argument presented in his opening and reply briefs. Plaintiff objects arguing that the ALJ erred in evaluating and weighing the statements of Dr. Lawton and Ms. Collins when doing his medical analysis and that substantial evidence does not support the ALJ's assessment of plaintiff's mental residual functional capacity.

The ALJ does discuss Ms. Collins'[1] diagnosis of diabetes mellitus with stocking neuropathy and concludes that the "residual functional capacity adopted [] accommodates the claimant's diabetes mellitus and peripheral neuropathy." Doc. #5-2, p.22. The ALJ also discusses Ms. Collin's vertigo diagnosis "based in part on claimant's subjective complaints" but ultimately concluded that plaintiff's complete medical records do not "show that he required an assistive device for a continuous 12-month period." *Id.* p. 26. Plaintiff objects, however, arguing that the ALJ erred in not discussing Ms. Collin's specific physical findings regarding plaintiff's instability. But, an ALJ is not required to address each medical provider's specific findings in detail. 20 C.F.R. § 404.1520c(b)(1) ("Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we consider all of the factors for all of the medical opinions and prior administrative medical findings."); *see, also*, Clifton v. Chater, 79 F.3d 1007,

---

[1] Ms. Collins is a physician's assistant who served as the state agency consultative examiner.

1009-10 (10th Cir. 2008) ("[A]n ALJ is not required to discuss every piece of evidence."). Rather, the ALJ must evaluate all the medical evidence and make specific findings at each step of the analysis. Conkle v. Astrue, 297 Fed. Appx. 803, 806 (10th Cir. 2008). Here, the ALJ has completed this task; the fact that plaintiff disagrees with the conclusion is not a valid basis to remand the decision.

Plaintiff also contends that the ALJ improperly relied on Dr. Lawton's finding that plaintiff did not require the use of a quad cane due to an imbalance caused by vertigo. She contends that Dr. Lawton improperly concluded that plaintiff's MRI results were negative using the reports of P.A. Collins' findings and plaintiff's own statements to Dr. Winchester. But, as the ALJ noted, Dr. Lawton expressed his medical opinion that he did not believe that plaintiff suffered from vertigo and that there was no neurological reason why plaintiff required the use of a quad cane. Doc. #5-2, p. 15-16. The ALJ's decision goes on to state:

> Due [to] the lack of supporting medical evidence from St. Anthony's Hospital, as well as Dr. Lawton's noting that he did not believe that the claimant described symptoms of vertigo, the undersigned does not find that the claimant's medical records for the period under consideration support a finding that vertigo is a medically determinable impairment. . . . However, the residual functional capacity adopted in finding 5 accommodates the claimant's complaints of chronic dizziness by providing for work at a light level of exertion that does not require concentrated exposure to slippery and uneven surfaces, hazardous machinery, and unprotected heights.

Id. at p. 16. The court concludes that the ALJ did not err in evaluating Dr. Lawton's findings and that specific evidence supports the ALJ's conclusions regarding plaintiff's imbalance issues.

Finally, plaintiff objects to the Report's conclusion that the ALJ properly analyzed plaintiff's mental health RFC and concluded that it limited him to understanding, remembering, and carrying out simple instructions.  But, other than reiterating arguments made to the ALJ and in briefing considered by Judge Mitchell, plaintiff's primary attack on the ALJ's mental health RFC finding relies on an argument related to the differences between "simple instructions" and "simple tasks."  But as the plaintiff's objection makes clear, relevant case law makes a distinction between tasks and instructions and the two should not be equated for purposes of legal analyses.  In this case, the ALJ determined, based on an evaluation of the evidence before him, that plaintiff would be able to carry out simple instructions.  This conclusion is supported by substantial evidence in the record.  Further, plaintiff's argument regarding distinctions between reasoning levels of two and three and how they apply regarding simple tasks versus simple instructions is being raised for the first time in his objection.  This argument, therefore, has been waived.

After *de novo review*, the court **ADOPTS** the Report and Recommendation [Doc. #14].  The Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 11th day of January, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE